UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff/Respondent,

v.                                                          Criminal Case No. 11-20534
                                                            Civil Case No. 14-11093
Gary Michael Kliebert,
                                                            Sean F. Cox
      Defendant/Petitioner.                        United States District Court Judge
_____/

**ORDER DENYING
PETITIONER'S MOTION FOR RECONSIDERATION
AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Defendant/Petitioner Gary Michael Kliebert ("Kliebert") pleaded guilty to receipt of

child pornography in Criminal Action No. 11-20534.  After Kliebert's conviction and sentence

were affirmed on direct appeal, he file a motion seeking to vacate his conviction and sentence

under 28 U.S.C. § 2255.

This Court held an evidentiary hearing regarding Kliebert's § 2255 Motion on May 20,

2015.

In an Order issued on September 4, 2015, this Court denied Kliebert's Motion for Leave

to File Supplemental Brief to Address an Additional Claim.  (D.E. No. 47).  In an Opinion &

Order issued that same day, this Court denied Kliebert's § 2255 Motion on the merits.

Thereafter, on September 11, 2015, Kliebert filed a Motion for Reconsideration (D.E.

No. 50) asking this Court to "reconsider its Order, grant leave to add the supplemental claim and

grant relief by vacating Kliebert's conviction and sentence."

Motions for reconsideration in civil cases are governed by Local Rule 7.1 of the Local

1

Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3).  A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.  Nor does a motion for reconsideration afford the movant an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling.

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held.  Eastern District of Michigan Local Rule 7.1(h)(3).  This Court concludes that, with respect to Kliebert's Motion for Reconsideration, neither a response brief nor a hearing is necessary.

Again, in order to grant a motion for reconsideration, the movant must demonstrate a palpable defect by which the court has been misled and must also show that correcting the defect will result in a different disposition of the case.  After reviewing Kliebert's Motion for Reconsideration, this Court concludes that Kliebert has not met that standard.

This Court continues to believe that it properly denying Kliebert's Motion for Leave to File Supplemental Brief to Address an Additional Issue.  The supplemental brief that Kliebert sought to file (D.E. No. 41-1) did not attack the voluntary or intelligent nature of his plea, but rather, related to an earlier alleged constitutional deprivation and the additional claim he sought

2

to raise was waived by his guilty plea.  The Court also continues to believe that it properly

denied Kliebert's § 2255 Motion.

Accordingly, IT IS ORDERED that Kliebert's Motion for Reconsideration (D.E. No. 50).

is DENIED.

On October 26, 2015, Kliebert also filed a Motion for Certificate of Appealability (D.E.

No. 51).

For the reasons set forth in its September 4, 2015 Order (D.E. No. 47) and its Opinion &

Order issued that same date (D.E. No. 48), the Court concludes that it properly denied Kliebert's

Motion for Leave to File a Supplemental Brief and that Kliebert is not entitled to habeas relief.

A certificate of appealability must issue before a petitioner such as Kliebert may appeal

the district court's denial of his § 2255 Motion.  28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P.

22(b).  Section 2253 provides that a certificate of appealability may issue only if a petitioner

makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  As

the United States Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has
> already failed in that endeavor.  Rather, he must demonstrate that the issues are
> debatable among jurists of reason; that a court could resolve the issues [in a
> different manner]; or that the questions are adequate to deserve encouragement to
> proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).  As the Court has more recently stated,

"[w]here a district court has rejected the constitutional claim on the merits, the showing required

to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

This Court concludes that reasonable jurists would not find the Court's assessment of Kliebert's claims debatable or wrong.  The Court therefore DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

4